[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 3, 1990, plaintiff, Kenneth Gregory, commenced a negligence action against the defendants, James E. Uberti, Jr. and Janice Uberti, after being injured on August 8, 1988 at the defendants' swimming pool. On June 26, 1991, plaintiff amended his complaint to include a products liability claim under the provisions of General Statutes 52-572m and 52-572n et seq. against Seaspray International, Inc. ("Seaspray"), the manufacturer of the defendants' swimming pool.
On July 23, 1991, the defendants entered into a settlement agreement with plaintiff for the sum of $100,000 and were forever released from liability to the plaintiff for any claim arising out of the incident which caused plaintiff's injuries. See Plaintiff's Objection to Defendant's Motion dated April 30, 1992.
On April 20, 1992, Seaspray, pursuant to General Statutes52-102, 52-102a and 52-577a(b), filed a motion to cite in as additional defendants James E. Uberti and Janice Uberti on the ground that "it is necessary that they become parties for the complete determination of the questions involved in this case." Seaspray alleges in its complaint that the released defendants were primarily negligent and is seeking indemnification, an apportionment of damages, contribution, payments of any judgment against Seaspray including attorney's fees, damages and other equitable relief.
On April 30, 1992, plaintiff filed an objection to Seaspray's motion to cite in the released defendants on the ground that they have settled with the plaintiff and are not necessary for a determination of the questions involved in his case. In plaintiff's May 13, 1992, memorandum of law in opposition to Seaspray's motion, plaintiff first argues that it is not necessary to cite in settled third parties in order for the trier to determine the proportionate share of liability. Plaintiff argues that the legislative intent of General Statutes52-572h and present public policy do not support the granting of Seaspray's motion. Plaintiff further contends that the theory o liability advanced by Seaspray in its motion does not "fall CT Page 6915 within the ambit of" the Connecticut Products Liability Act. Lastly, plaintiff argues that Seaspray has not alleged a legally sufficient theory of liability against the defendants.
General Statutes 52-102 provides in pertinent part as follows:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be . . . (2) shall be made a party by the court if that person is necessary for complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
In Camp v. Zambarano, 4 Conn. L. Rptr. No. 5, 142 (June 17, 1991, Fuller, J.), the court addressed a similar issue.
In Camp, the plaintiff's decedent was killed in an automobile accident, and the plaintiff brought suit against Pauline Zambarano and Richard Zambarano, the driver and owner, respectively, of the car involved in the accident. Id. The plaintiff later cited in two additional defendants, McClinch Crane, Inc. and Elmer H. Sega. The plaintiff alleged in the amended complaint that Sega, McClinch Crane's employee, was operating a mobile crane owned by McClinch in a no passing zone and that the collision occurred when the Zambarano vehicle attempted to pass the crane. Thereafter, the plaintiff settled the claim against the Zambaranos and their insurance carrier for $500,000 in return for a full release from liability in the action. The remaining defendants then impleaded the Zambaranos as third party defendants under General Statutes 52-102 alleging that plaintiff's decedent's injuries were caused by the negligence of the Zambaranos and that the Zambaranos were liable for contribution under the Tort Reform Act, General Statutes52-572h. The Zambaranos moved for summary judgment on the third party complaint.
After discussing the relationship between subsections (d), (f) and (n) of 52-572h[1], the court granted the motion for summary judgment and in doing so stated the following;
 It is apparent from considering the statute as a whole that the percentage of negligence, and therefore the percentage and amount of damages, paid by the third party plaintiffs will not increase in any way whether or not the released defendants remain in the case. CT Page 6916 The trier will still have to include any percentage of negligence attributable to the released defendants in determining the percentage of liability and share of damages of the third party plaintiffs. Under the statute, once a defendant is in the case, any negligence of that defendant must be included in determining the percentage of liability of other defendants. The third party defendant here can introduce evidence to establish the percentage of negligence of the released defendants even though they are no longer parties.
Id., 144. The court went on to hold that because the third party plaintiffs had no right of contribution or indemnity from the released defendants under any situation, they had no legal right to maintain a third party complaint against them.
A similar result was reached in Freitas v. Ravizza,4 Conn. L. Rptr. No. 19, 626 (September 6, 1991, Koletsky, J.), where the court denied a defendant's motion to cite in as an additional party a person with whom the plaintiff had settled and then released from liability. As in Camp, the court first noted that the released person was in no way legally liable to the defendant in that case. Id., 626. The court then reasoned that the plain meaning of 52-572h, along with the state's public policy of encouraging settlements, indicate that a released person did not have to be made a party to have the jury, or other trier of fact, determine that person's comparative responsibility. Id., 627.
In the instant matter, as in Camp and Freitas, Seaspray has no right as a third party plaintiff to indemnity or contribution from the released defendants. Moreover, because 52-572h(f) provides that any percentage of negligence attributable to the released defendants will be included by the trier in determining Seaspray's percentage of liability and share of damages, if any, it is not necessary that the released defendants be cited in. The motion to cite in James E. Uberti, Jr. and Janice Uberti is denied.
O'Keefe, Judge